IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CANDI LEE LILES,<br><br>  Plaintiff,<br><br>vs.<br><br>ERIC M. ENZ, KEELEE M. ENZ, and LYN C. REHM,<br><br>  Defendants. | CV 19-71-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Candi Lee Liles, appearing pro se, commenced this action with her complaint filed against Defendants Eric Enz, Keelee Enz, and Lyn Rehm. Her complaint purports to advance claims alleging that Defendants are liable for breach of contract, fraud, and trespass. The claims, if properly pled, would be cognizable under Montana law, not federal law.

Because Liles is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading,

1

a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Liles asserts the Court's jurisdiction over this action is based upon diversity of citizenship under 28 U.S.C. § 1332. But for the reasons discussed, the Court finds her allegations defeat her assertion.

A plaintiff's complaint filed in federal court must set forth specific allegations sufficient to invoke the jurisdiction of the district court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

For diversity jurisdiction to exist as Liles suggests, federal law requires that her civil action be one in which "the matter in controversy exceeds the sum or value of $75,000[,]" and is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Complete diversity of citizenship is required as the plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Liles' pleading states that the Defendants are citizens of this state (Montana). But her allegations, identifying the address of her own residence in Kalispell, Montana, indicate she is also a citizen of Montana. (Doc. 1-2.) Liles does not present any other factual allegations suggesting she is a citizen of a State other than Montana. Thus, Liles' allegations demonstrate the absence of diversity of citizenship, and the Court's lack of jurisdiction.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Liles' complaint be dismissal for lack of jurisdiction.

DATED this 26th day of April, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge